___

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, NOTHERN DIVISION

| | |
|---|---|
| EILEEN H. CHAVEZ<br><br>              Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Civil No. 1:16-cv-00178-EJF<br><br>Magistrate Judge Evelyn J. Furse |

In accordance with Fed. R. Civ. P. 73 and based upon the parties' consent,[1] this matter is before the undersigned on Plaintiff Eileen H. Chavez's appeal[2] from the denial of her claim for disability insurance benefits (DIB) under Title II of the Social Security Act. Ms. Chavez alleges she became disabled beginning December 31, 2010[3] and the Commissioner wrongly found her able to return to her past work as a mail clerk.[4] After oral argument on the issues and the review of the parties' briefing, the administrative law judge's (ALJ) decision, the record of proceedings in this case and relevant case law, the undersigned finds that substantial evidence did not support the ALJ's conclusion that Ms. Chavez retained the residual functional capacity (RFC) to perform occasional

---

[1] ECF No. 13.
[2] ECF No. 3.
[3] Certified Administrative Transcript (Tr.) 13.
[4] Tr. 26-27.

1

overhead reaching and therefore must reverse and remand this case to the agency under sentence four of 42 U.S.C. § 405(g) for further proceedings.

I. BACKGROUND[5]

From 1990 to 2005, Ms. Chavez worked as a mail clerk.[6] Ms. Chavez claimed disability in December 2010 due to several medical impairments.[7] After a hearing held in April 2015, the ALJ found her "severe" physical impairments were conditions related to her left elbow, right shoulder, and right knee.[8] At step three, the ALJ found no impairment or combination of impairments met or medically equaled a listing.[9] The ALJ found that Ms. Chavez's residual functional capacity to perform light work included "frequently reaching, handling, fingering, and feeling" except only "occasionally overhead reaching with both arms."[10] The ALJ concluded that Ms. Chavez could return to her past work as a mail clerk both as she performed it and as that work was generally performed in the national economy.[11] Therefore, the ALJ found that Ms. Chavez was not disabled under the Social Security Act.

## **STANDARD OF REVIEW**

The Court reviews the Commissioner's final decision "to determine whether the correct legal standards were applied and whether factual findings are supported by

---

[5] The parties fully set forth the background of this case, including the medical history, in their memoranda.//
[6] Tr. 162.
[7] Tr. 13.
[8] Tr. 16.
[9] Tr. 19.
[10] Tr. 20.
[11] Tr. 26-27.

substantial evidence in the record."[12] The Court affirms the Commissioner's decision if it was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[13] This standard does not require a preponderance of the evidence but does require more than "a scintilla."[14] The Court evaluates the record as a whole, including that evidence before the ALJ that "detracts from the weight of the ALJ's decision.…"[15] The Court reviews those "specific rules of law" that the ALJ must follow "in weighing particular types of evidence," but will neither "reweigh the evidence" nor "substitute [its] judgment for the Commissioner."[16]

## **DISCUSSION**

The observations from the five physicians who examined Ms. Chavez and noted Ms. Chavez's extensive limitations with respect to her left elbow and Ms. Chavez's right shoulder[17] do not support the ALJ's RFC finding that Ms. Chavez could perform occasional overhead reaching with both arms.

The ALJ only gave partial weight to Dr. Melville's opinion about Ms. Chavez's left hand[18] because a 2005 orthopedic exam described her "intact sensation to fine touch in

---

[12] Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006); see also Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir. 1993); see also 42 U.S.C. § 405(g).

[13] Turner v. Heckler, 754 F.2d 326, 328 (10th Cir. 1985) (quoting Richardson v. Perales, 402 U.S. 389, 401(1971)).

[14] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

[15] Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999).

[16] Lax, 489 F.3d at 1084 (quoting Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005)).

[17] Tr. 212, 330, 260, 262, 264, 230–31, 228, 69, 81.

[18] Tr. 25.

the left upper extremity."[19] The ALJ also gave partial weight to Dr. Thomas's opinion because his examinations showed "mild tenderness, intact sensation, and full muscle strength,"[20] yet all five doctors found significant reaching restrictions with the right arm:

- Dr. Melville (in 2004, prohibited extractive reaching [Tr. 25, 212]),
- Dr. Thomas (in 2006, "no overhead activity or lifting, no repetitive use of the right upper extremity such as in extracting or repetitive motions of the shoulder or elbow [Tr. 24, 330])
- Dr. Mackay (in 2006, Ms. Chavez "cannot do overhead work with her arms and cannot do repetitive work of her arms and hands." [Tr. 25, 227])
- Dr. Peterson (in 2013, "no overhead reaching with R[ight] arm" [Tr. 26, 69]) and
- Dr. Rothstein (in 2013, could not use her right arm for reaching in any direction [Tr. 26, 81]).

In rejecting a medical report by a claimant's physician, the ALJ must set forth "specific, legitimate reasons" for making that decision.[21] Moreover, "[a] finding of 'no substantial evidence' will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

The Court finds that the ALJ failed to provide substantial evidence for finding an RFC in excess of even the most liberal ability assessment provided by any doctor. This error is not harmless. Without overhead lifting, Ms. Chavez could not perform her prior work. No evidence in the record shows what work Ms. Chavez could do with any further limitation to her overhead lifting capacity.[22] Thus, the Court cannot make a

---

[19] Id.

[20] Tr. 24.

[21] Miller v. Chater, 99 F.3d 972, 976 (10th Cir.1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

[22] See Tr. 52–57.

4

determination about Ms. Chavez's qualifications for disability absent further findings from the ALJ.

## **CONCLUSION**

For the reasons stated above, the Court remands the Commissioner's final decision.

DATED this 29th day of March, 2018.

BY THE COURT:

_Evelyn J. Furse_
Evelyn J. Furse
United States Magistrate Judge